# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILMER RENE PINEDA-MEJIA,

      Petitioner,

v.                                                    CASE NO. 8:12-cv-2187-T-30TBM
                                                      CRIM. CASE NO. 8:10-cr-497-T-30TBM
UNITED STATES OF AMERICA,

      Respondent.

_____/

## **O R D E R**

BEFORE THE COURT are Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1), and motion to

proceed in this action *in forma pauperis* (CV Dkt. 2).  The Court has undertaken the review

required by Rule 4, Rules on Motion Attacking Sentence Under Section 2255 (2012),[1] and

finds, for reasons set forth below, that the § 2255 motion should not be served on Respondent

until Petitioner has had an opportunity to cure deficiencies in the § 2255 motion which might

otherwise prevent him from presenting all of his claims.

The § 2255 motion raises four grounds for relief  (CV Dkt. 1).  The § 2255 motion,

however, appears to implicitly raise a fifth ground for relief, to wit, counsel was ineffective

in failing to file a notice of appeal after Petitioner instructed him to do so (Id. at docket pages

---

[1]Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record or prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

4, 7).  Accordingly, Petitioner's § 2255 motion will be dismissed without prejudice, and the

Court will afford him an opportunity to amend his § 2255 motion to present all of his claims.

Petitioner is cautioned that all claims and arguments he desires to present in support

of the claims *must* be presented in the amended § 2255 motion as the amended motion will

supersede the original motion.  Petitioner is further cautioned that although the amended

§ 2255 motion will relate back to the earlier filed motion for purposes of timeliness, any new

claims Petitioner may attempt to assert in the amended motion may not relate back to his

original § 2255 motion and may now be time-barred.  Petitioner must set forth with

specificity each of his claims for relief and a brief statement of the facts supporting each

claim.  **Mere references to claims raised in documents filed in this proceeding or other**

**proceedings will not suffice**.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's § 2255 motion (CV Dkt. 1) is **DISMISSED** without prejudice.

2.      The **Clerk** shall transmit two copies of the form for use in § 2255 cases to

Petitioner.

3.      Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file

an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that

complies with the instructions on the enclosed form.  Petitioner must set forth with

**specificity** each of his claims for relief **and** a brief statement of the facts which support the

claim(s).  Failure to comply with the terms of this order within the allotted time shall result

in the automatic **dismissal** of this case **without further notice**.[2]

      4.      Because the matter is effectively a continuation of the Petitioner's criminal proceedings, no filing fee is assessed.  Therefore, it is not necessary that Petitioner seek leave to proceed *in forma pauperis*.  Therefore, Petitioner's motion to proceed in this action *in forma pauperis* (CV Dkt. 2) is **DENIED** as unnecessary.

      **DONE** and **ORDERED** in Tampa, Florida on October 3, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*
Counsel of Record

---

[2]Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed § 2255 motion in this Court challenging the same conviction may be barred by the one-year limitation period for filing a § 2255 motion in the federal courts.  *See* 28 U.S.C. § 2255(f).